**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

CONSTANTINO MORALES REYES,    :
       Petitioner,    :
         :
    v.    :    No. 2:26-cv-2047
         :
J.L. JAMISON, _Warden, Federal Detention_ :
_Center, Philadelphia_;    :
JOHN E. RIFE, _Acting Field Office_    :
_Director, ICE, Enforcement and Removal_ :
_Operations, Philadelphia Field Office_;    :
MARKWAYNE MULLIN, _Secretary of the_ :
_Department of Homeland Security_;    :
PAMELA BONDI; U.S. DEPARTMENT    :
OF HOMELAND SECURITY; and    :
EXECUTIVE OFFICE OF    :
IMMIGRATION REVIEW;    :
       Respondents    :
_____

**O R D E R**

**AND NOW,** this 20th day of April, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in

---

[1]    Petitioner Constantino Morales Reyes, a citizen of Mexico, entered the United States without inspection in 2019 at the United States-Mexico border. _See_ Pet. ¶ 18, ECF No. 1. Since entering the country, he has lived in Norristown, Pennsylvania with his wife and daughter. _See id._ at ¶ 19. On March 27, 2026, Morales Reyes was arrested and detained by ICE agents in or around Norristown after he left his residence and entered his vehicle. _Id._ at ¶ 20; _see_ Record of Deportable/Inadmissible Alien (Form I-213), ECF No. 8-1. The officers present at the scene were in search of another individual for whom they had an active warrant, and approached the vehicle because Morales Reyes matched the description of the individual they were pursuing. _See_ Form I-213. Once the man in the vehicle was identified as Morales Reyes, a record search showed that he had not obtained legal entry into the United States, _see id._, and had no prior contacts with DHS. _See_ Resp't Suppl. 1, ECF No. 8; _see generally_ Pet. Morales Reyes states that he has no criminal record, Pet. at ¶ 19, but Respondents' records check revealed that he was arrested on March 22, 2022, for a DUI charge, which remains pending with no known disposition, _see_ Form I-213. Upon being taken to the ICE Field Office, Morales Reyes signed a voluntary departure order, Pet. at ¶ 21, requiring him to depart from the United States on or before April 27, 2026, at government expense, _see_ Voluntary Departure Order (Form I-210), ECF No. 8-2. Morales Reyes alleges that a law enforcement official told him that it would cost at least $5,000 for him to speak to a lawyer and claims that he felt "pressured" to sign the voluntary

Opposition, ECF No. 4;[2] the parties' Stipulation to waive a hearing, ECF No. 5; the Court's

April 3, 2026 Order stating that the Petition for Writ of Habeas Corpus shall be decided on the

papers, ECF No. 6; the parties' supplemental information regarding Petitioner's immigration

status, ECF Nos. 8-9; Petitioner's Amended Petition for Writ of Habeas Corpus, ECF No. 10;[3]

and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-

06518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) and *Mirdjalilov v. Federal Detention Center*

*Philadelphia, et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are

incorporated in their entireties herein;[4] **IT IS ORDERED THAT**:

---

departure order, which was written in English, not Spanish (Morales Reyes's native language). *See* Pet. at ¶¶ 21, 62. The Voluntary Departure Order, however, bears Morales Reyes's signature beneath the words "I understand the contents of this Declaration and acknowledge that it has been interpreted into my preferred language," and bears the signature of DHS officials beneath the words "The alien was provided an oral interpretation/written translation of this Declaration in the alien's preferred language." *See* Form I-210. (To the extent there are discrepancies in the parties' factual allegations, none are dispositive to the issue currently before the Court.)

    Morales Reyes is currently being held in ICE custody without bond having been set. Prior to his March 27, 2026 arrest, Morales Reyes was never apprehended, arrested, detained, or paroled by DHS and had no prior encounters with DHS. *See* Resp't Suppl. at 1; Pet'r Suppl. 1, ECF No. 9. Morales Reyes has not previously applied for lawful status in the United States in any form. *See* Resp't Suppl. at 2; Pet'r Suppl. at 1-2. The Voluntary Departure Order signed by Morales Reyes states "I acknowledge that I do not have a fear of return to my country." *See* Form I-210. Morales Reyes filed the instant petition on March 28, 2026. *See* Pet. He alleges that his detention violates the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), and the Fifth Amendment Due Process Clause. *See id.* ¶¶ 41-62.

[2]    On April 2, 2026, Respondents filed their Response, arguing that the Court should deny habeas relief because: (1) Morales Reyes is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) Morales Reyes's detention does not violate Constitutional due process requirements. *See* ECF No. 4.

[3]    Morales Reyes amended his Petition on April 18, 2026, to add a sixth claim for relief, asserting that the Voluntary Departure Order was unlawfully executed in violation of 8 C.F.R. 240.25(a). *See* Am. Pet., ECF No. 10. The factual allegations in the Amended Petition remain the same as those summarized above.

[4]    These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions represent only two of dozens of analogous cases decided similarly in this District. In a manner consistent with other recent decisions in this District, this Court found that that the petitioners' continued detentions without a bond hearing violated the INA and Fifth

The Amended Petition for Writ of Habeas Corpus, ECF No. 10, is **GRANTED in part**,[5] as follows:

1.      Petitioner Constantino Morales Reyes is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);[6]

---

Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). (The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required. The Government chose not to make these arguments in the instant case. *See* ECF No. 4, at 4 n.3.)

[5]      Morales Reyes's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of Morales Reyes's claims based on violations of the APA, Fifth Amendment due process, or violations of 8 C.F.R. 240.25(a). Since the INA violation is based on the lack of a bond hearing, the Court will order one. Because the petition seeks relief in the form of immediate release, it is thus granted only in part.

[6]      Unlike the habeas petitioners in *Restrepo*, No. 2:25-cv-06518, and *Mirdjalilov*, No.  2:25-cv-07068, Morales Reyes allegedly has a criminal charge pending. *See* Form I-213 (describing March 22, 2022, DUI arrest). Regardless, he is not subject to the mandatory detention provisions of 8 U.S.C. § 1226(c) ("Detention of criminal aliens") because DUI is not a crime involving moral turpitude or a controlled substance violation. *See* 8 U.S.C. § 1226(c) (citing 8 U.S.C. § 1182(c)(1)(A)). Additionally, Morales Reyes has not been "convicted" of any crime, nor sentenced to a term of imprisonment of at least one year. *See id.* (citing 8 U.S.C. § 1227(a)(2)(A)(i)-(iii), (B), (C), (D)). There is also no evidence that he was engaged in or endorsed terrorist activities, received military-type training from or on behalf of any terrorist organization, or is the spouse or child of an alien who is inadmissible for any of these reasons. *See id.* (citing 8 U.S.C. § 1182(a)(3)(B)).

Also unlike the habeas petitioners in *Restrepo* and *Mirdjalilov*, Morales Reyes has no pending application for citizenship or asylum—in fact, he has never attempted to obtain lawful status in the United States. *See* Resp't Suppl. at 2; Pet'r Suppl. at 1-2. Thus, he cannot be said to be "seeking admission" as required for the Government to detain him under 8 U.S.C. § 1225(b)(2). He is not "taking active steps to obtain entry into the United States," but rather, "entered the United States in [2019] and has lived here ever since. . . . Section 1225 therefore does not apply to him." *See Quevedo Rivera, Derix Antonio v. Jamison*, No. 26-1653, 2026 WL 782166, at *3 (E.D. Pa. Mar. 19, 2026) (finding that a factually similar petitioner, who entered the United States without inspection and lived here undetected by DHS for several years, was not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2) but the discretionary detention provision of 8 U.S.C. § 1226(a), because he was a noncitizen already present here (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).

2.        **Within seven (7) days of the date of this Order**, the Government SHALL

provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)[7];

---

[7]        The Court's determination in this case is limited to whether Morales Reyes is subject to mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2). Having determined that he is not, it orders a bond hearing before an immigration judge. The Court notes, however, that there are several other pertinent issues in this case over which it lacks jurisdiction.
        The Voluntary Departure Order signed by Morales Reyes, for instance, states that he agreed to depart from the United States by April 27, acknowledges that he would "remain detained in DHS's custody pending departure," indicates that he does not have a fear of return to Mexico which would warrant asylum, waives the "opportunity to file any and all applications for relief or protection from removal, deportation, or exclusion under the immigration laws," and indicates that all of these statements were interpreted in his preferred language before he signed the form. *See* Form I-210. Morales Reyes, however, argues that he did not knowingly agree to these conditions, Am. Pet. at ¶¶ 22-23, 68; Pet. at ¶¶ 5, 21, because he was made to sign the Voluntary Departure Order under duress, Pet'r Suppl. at 2-3. Morales Reyes argues that the Voluntary Departure Order should be voided or enjoined due to coercion, or alternatively, because it was not properly executed pursuant to DHS regulations. *See id.*; Am. Pet. at ¶¶ 69-73. He asks this Court to provide such relief.
        This Court, however, lacks jurisdiction to determine the validity of the Voluntary Departure Order (or to otherwise nullify it or enjoin the Government from enforcing it), because judicial review of non-final orders of departure or removal is not permitted:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken . . . to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9). Here, no removal proceedings have been initiated, *see* Resp't Suppl. at 2; Pet'r Suppl. at 2, and Morales Reyes has not yet contested the validity of the Voluntary Departure Order before an immigration judge, *see id.*, so there is no final order of removability for the Court to review. Courts are prohibited from "order[ing] a stay of an alien's removal *pending* consideration of any claim with respect to voluntary departure." 8 U.S.C. § 1229c(f) (emphasis added). Even if Morales Reyes did have a final order of removal from an Immigration Judge, the Court would only be permitted to review it if "the alien has exhausted all administrative remedies available to the alien as of right," *see* 8 U.S.C. § 1252(d)(1), including appealing to the Board of Immigration Appeals (BIA), *see Cabrera v. Reno*, 5 F. Supp. 2d 244, 245 (D.N.J. 1998) (denying petitioner's request for declaratory and injunctive relief with respect to immigration custody and pending removal; finding the Court lacked subject matter jurisdiction where petitioner failed to exhaust administrative remedies). Because Morales Reyes has not yet pursued these avenues of relief with respect to his Voluntary Departure Order, we leave any such determination of the order's validity and enforceability to the immigration courts, who may opine on (i) whether the order was duly executed in accordance with immigration laws, and if so, (ii) whether other conditions of voluntary departure may apply, such as bond or detention pending departure. *See* 8 C.F.R. § 1240.26; *see also United States v. Ramirez*, 962 F.3d 1056,

3.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

1060 (8th Cir. 2020) ("Even where [statutory] requirements are met, the decision to grant voluntary departure rests in the discretion of the Immigration Judge.").